COLLINS, Appellant,

v.

COLLINS, Appellee.

[Cite as *Collins v. Collins,* 165 Ohio App.3d 71, 2006-Ohio-181.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040649.

Decided Jan. 20, 2006.

Terry M. Tranter, for appellant.

Dinsmore & Shohl, L.L.P., Timothy Tepe, and Robert H. Hoskins, for appellee.

DOAN, Presiding Judge.

{¶ 1} Plaintiff-appellant, Russell E. Collins, was serving in the United States military in Germany when he married defendant-appellee, Brigitte M.L. Collins, a German citizen, on April 8, 1983. The parties separated in 1999. Russell Collins moved to Ohio and purchased a home. Brigitte Collins remained in Germany.

{¶ 2} Russell Collins filed a complaint for divorce on September 16, 2002, in the Domestic Relations Division of the Hamilton County Court of Common Pleas. The complaint included a request for certified mail service upon Brigitte Collins in Germany. The certified mail receipt was returned and filed October 15, 2002. By letter dated November 1, 2002, Brigitte Collins's German counsel notified Russell Collins's counsel that the attempt to serve Brigitte Collins was improper pursuant to the Hague Convention on Service of Process Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention").

{¶ 3} In her decision of November 15, 2002, the magistrate stated, "Wife was served by certified international mail on September 17, 2002. The parties have not lived in a marital relationship in the state of Ohio and this court has no personal jurisdiction over wife." The magistrate's decision set forth the duration of the marriage, distributed real and personal property, and addressed the issues of spousal support and Russell Collins's military pension. The trial court adopted the magistrate's decision on January 17, 2003. A decree of divorce was entered February 4, 2003. The decree stated that Russell Collins was an Ohio resident and that "service of process [on Brigitte Collins] was made according to law or waived."

{¶ 4} On August 8, 2003, Brigitte Collins filed a Civ.R. 60(B) motion for relief from judgment, alleging that she had never been properly served with process pursuant to the Hague Convention and that the trial court had no personal jurisdiction over her. The magistrate granted the Civ.R. 60(B) motion, finding that the motion had been timely filed and that Brigitte Collins had not been properly served with the complaint for divorce in accordance with the Hague Convention. Russell Collins filed objections to the magistrate's decision, which the trial court overruled. He has now appealed, raising four assignments of error for our review.

{¶ 5} The first assignment of error alleges that the trial court erred in granting Brigitte Collins's Civ.R. 60(B) motion for relief from judgment, because service was proper pursuant to Civ.R. 4.5(A). The second assignment of error alleges that the trial court erred in granting the Civ.R. 60(B) motion in its entirety,

because even if the court did not have personal jurisdiction over Brigitte Collins, the court had in rem jurisdiction over the parties' marriage. We consider the assignments of error together.

{¶ 6} For a court to acquire personal jurisdiction, there must be a proper service of summons or an entry of appearance, and a judgment entered without proper service or an entry of appearance is void. See *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650. "A trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings. A person against whom such judgment and findings are made is entitled to have the judgment vacated." Id. at paragraph one of the syllabus.

{¶ 7} The Hague Convention is a multilateral treaty "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions w[ill] receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988), 486 U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722. The Hague Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." Id. The Hague Convention preempts inconsistent methods of service of process prescribed by state law by virtue of the Supremacy Clause of Article VI of the United States Constitution. See id. The Hague Convention, a ratified treaty, is "the supreme law of the land." *Meek v. Nova Steel Processing, Inc.* (1997), 124 Ohio App.3d 367, 370, 706 N.E.2d 374.

{¶ 8} Under the terms of the Hague Convention, registered mail service is insufficient service of process on citizens of nations that are signatories. See id.; *Lyman Steel Corp. v. Ferrostaal Metals Corp.* (N.D.Ohio 1990), 747 F.Supp. 389; *Okubo v. Shimizu*, 2nd Dist. No. 2001 CA 134, 2002-Ohio-2624, 2002 WL 1042086. Germany, a signatory to the Hague Convention, has expressed a specific objection to service by international mail and has asserted that the Hague Convention is the exclusive method for international service of process in Germany. See *Lyman Steel Corp. v. Ferrostaal Metals Corp.*, supra.

{¶ 9} It is clear from the record, and undisputed by Russell Collins, that Brigitte Collins was never properly served with the complaint for divorce pursuant to the terms of the Hague Convention. Therefore, the court had no personal jurisdiction over Brigitte Collins.

{¶ 10} A decree of divorce is regarded as a judgment in rem because it determines the marital status of the parties. See *Hager v. Hager* (1992), 79 Ohio App.3d 239, 243, 607 N.E.2d 63, citing *McGill v. Deming* (1887), 44 Ohio St. 645, 11 N.E. 118. The marital status, or res, follows the domiciles of the parties to the

marriage. See *Hager*, id. In order for the court to have jurisdiction over the res, or marriage, one of the parties must be domiciled within the state granting the divorce. See id., citing *Williams v. N. Carolina* (1942), 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279. Russell Collins was domiciled in Ohio. Therefore, the trial court had the authority to enter a decree terminating the Collinses' marriage.

{¶ 11} In order to determine financial issues, the trial court must have personal jurisdiction based upon notice to and proper service on the defendant. See *Kvinta v. Kvinta*, 10th Dist. No. 02AP–836, 2003-Ohio-2884, 2003 WL 21291049; *Depaulitte v. Depaulitte* (2000), 138 Ohio App.3d 780, 742 N.E.2d 659; *Stanek v. Stanek* (Sept. 26, 1994), 12th Dist. No. CA94–03–080, 1994 WL 519826; *Hager v. Hager*, supra. In a divorce proceeding, the trial court must have personal jurisdiction over a nonresident defendant in order to determine issues of spousal support and property division. See id. The trial court had no jurisdiction over Brigitte Collins in this case. Therefore, the court had no authority to distribute property to which she arguably had a claim, to issue orders regarding spousal support, or to issue orders regarding the parties' pensions.

{¶ 12} The trial court erred in granting Brigitte Collins's Civ.R. 60(B) motion for relief from judgment as to the granting of the divorce. The trial court did not err in granting the Civ.R. 60(B) motion as to support, property division, and all other financial matters. The first and second assignments of error are sustained solely to the extent that they challenge the trial court's granting of the Civ.R. 60(B) motion in regard to the granting of the divorce, and they are overruled in all other respects.

{¶ 13} The third assignment of error, alleging that the trial court erred in taking judicial notice of the provisions of the Hague Convention, is overruled because the trial court is required to follow the applicable law.

{¶ 14} The fourth assignment of error, which alleges that Brigitte Collins did not timely file her Civ.R. 60(B) motion, is overruled because the record shows that the motion was filed six months after the divorce decree was entered.

{¶ 15} The judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded for further proceedings consistent with law and this decision.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

HILDEBRANDT and GORMAN, JJ., concur.