OPINION *Page 2 
{¶ 1} On January 9, 1995, appellee, Anita Kvinta, filed a complaint for legal separation in the Court of Common Pleas for Franklin County, Ohio against appellant, Charles Kvinta. Appellant lived in Kuwait. Thereafter, appellant filed a motion to dismiss claiming lack of jurisdiction over the subject matter because of the failure to establish the existence of a common law marriage, lack of personal jurisdiction, and insufficient service of process. A hearing before a magistrate was held on May 16, 1996. By decision filed October 1, 1996, the magistrate dismissed the complaint, finding insufficient service of process.
 {¶ 2} Appellee filed objections. A hearing was held on November 18, 1996. By judgment entry filed February 28, 1997, the trial court granted the objections, finding appellant had been properly served.
 {¶ 3} Sometime during this time period, appellant purportedly married third-party defendant and appellant herein, Mary Kvinta, and conveyed to her a one-half interest in real property located in Mansfield, Ohio.
 {¶ 4} Appellant filed a motion to reconsider the trial court's February 28, 1997 decision granting appellee's objections. By judgment entry filed April 29, 1997, the trial court denied the motion, and found it had personal jurisdiction over appellant pursuant to Civ. R. 4.3(A)(6) based on appellant's acknowledged ownership of the real property in Mansfield, Ohio. The trial court remanded the issue of common law marriage to the magistrate. *Page 3 
 {¶ 5} By decision filed October 24, 1997, the magistrate found a common law marriage existed between the parties as of September 1981. Appellant filed objections. By judgment entry filed March 24, 1998, the trial court denied the objections.
 {¶ 6} On June 22, 1998, Mary Kvinta was joined as a third-party defendant.
 {¶ 7} On December 14, 1998, appellee filed a motion for contempt against appellant for his failure to comply with discovery orders. Thereafter, appellant was found in contempt. Appellant appealed to the Court of Appeals for the Tenth Appellate District. The court affirmed the trial court's finding of sufficient service of process. See,Kvinta v. Kvinta (February 22, 2000), Franklin App. No. 99AP-508 (hereinafter "Kvinta I"). However, the court held the trial court erred in finding personal jurisdiction pursuant to Civ. R. 4.3(A)(6) because although appellee "has sought a division of property, the action is not one arising from appellant's interest in, possession, or use of the real property in Mansfield, Ohio." Id. The court remanded the matter to the trial court to determine if personal jurisdiction existed pursuant to Civ. R. 4.3(A)(8).
 {¶ 8} On remand, the trial court concluded it lacked personal jurisdiction over appellant pursuant to Civ. R. 4.3(A)(8). Therefore, it vacated its prior contempt judgment against appellant and dismissed appellee's complaint for legal separation. See, Judgment Entry filed March 9, 2001.
 {¶ 9} Thereafter, appellee filed a motion for new trial. By judgment entry filed April 24, 2001, the trial court found it had in rem jurisdiction over the parties' marital status and the Mansfield, Ohio real property, and reinstated appellee's complaint for legal separation. The trial court held hearings on April 24 and 25, 2002, and by *Page 4 
judgment entry filed July 19, 2002, granted appellee's complaint and awarded her the Mansfield, Ohio property as spousal support payment.
 {¶ 10} Appellant appealed to the Court of Appeals for the Tenth Appellate District. The court affirmed the trial court's finding of a common law marriage, lack of personal jurisdiction over appellant, having in rem jurisdiction over the Mansfield, Ohio property, and awarding said property to appellee. See, Kvinta v. Kvinta, Franklin App. No. 02AP-836, 2003-Ohio-2884 (hereinafter "Kvinta II"). The court also found the trial court was correct in asserting jurisdiction over Mary Kvinta.
 {¶ 11} On December 8, 2004, appellee filed a complaint for divorce in the Court of Common Pleas of Richland County, Ohio against appellant. Mary Kvinta was also named in the complaint. On December 7, 2005, appellant and Mary Kvinta filed a motion to dismiss the complaint, claiming lack of jurisdiction and insufficient service of process. A hearing was held on May 1, 2006. By judgment entry filed May 19, 2006, the trial court found sufficient service of process. Additional hearings were held on the issue of lack of jurisdiction. By decision filed February 7, 2007, the magistrate found no personal jurisdiction over appellant and Mary Kvinta. As to appellant, the issue had already been decided by the Tenth District and was therefore res judicata. As to Mary Kvinta, the issue was not res judicata, but there was no personal jurisdiction under R.C. 2307.382(A)(6) or Civ. R. 4.3(A)(9). However, there was jurisdiction over the subject matter: the parties' marital status and the Mansfield, Ohio property.
 {¶ 12} Appellee filed objections as to the lack of personal jurisdiction. By judgment entry filed June 29, 2007, the trial court denied the objection as to appellant, *Page 5 
but granted the objection as to Mary Kvinta, finding it had personal jurisdiction over Mary Kvinta.
 {¶ 13} A hearing was held on December 12, 2007. By decision and order filed February 20, 2008, the trial court accepted the finding of the Court of Common Pleas of Franklin County, Ohio that the parties' marriage terminated on April 23, 2002, and the issue was res judicata. The trial court then went on to determine three assets: a Charles Schwab brokerage account in the name of Mary Kvinta, a Charles Schwab rollover IRA account in the name of appellant, and appellant's 401(K) plan. Because the trial court lacked personal jurisdiction over appellant, the trial court found it did not have the authority to issue any financial orders that would affect him. The trial court found the Charles Schwab account in the name of Mary Kvinta was marital property based upon the transfer of monies into the account, and awarded appellee one-half of the account. A final judgment entry decree of divorce was filed on March 13, 2008.
 {¶ 14} Mary Kvinta filed an appeal on April 4, 2008 and assigned the following errors:
 MARY KVINTA ASSINGMENT OF ERROR I {¶ 15} "BECAUSE THE PROPERTY ISSUES RELATING TO THE ACCOUNTS HELD BY MARK KVINTA WERE PRESENTED AND FINALLY DETERMINED BY THE FRANKLIN COUNTY DOMESTIC RELATIONS COURT, AFFIRMED BY TENTH DISTRICT COURT OF APPEALS, AND DENIED REVIEW BY THE OHIO SUPREME COURT, THE TRIAL COURT'S PROPERTY DIVISION IS BARRED BY RES JUDICATA." *Page 6 
 MARY KVINTA ASSINGMENT OF ERROR II {¶ 16} "THE TRIAL COURT COMMITTED AN ERROR OF LAW BY DIVIDING THE FUNDS IN THE CHARLES SCHWAB INVESTMENT ACCOUNT WHERE THE TRIAL COURT LACKED PERSONAL JURISDICTION OVER CHARLES KVINTA."
 MARY KVINTA ASSINGMENT OF ERROR III {¶ 17} "THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT HELD THAT IT HAD PERSONAL JURISDICTION OVER MARY KVINTA."
 {¶ 18} Appellant filed an appeal on April 10, 2008 and assigned the following errors:
 CHARLES KVINTA ASSIGNMENT OF ERROR I {¶ 19} "THE TRIAL COURT ERRED, GIVEN THE LACK OF IN PERSONAM JURISDICTION OVER DEFENDANT, CHARLES KVINTA, IN AWARDING ONE HALF OF A CHARLES SCHWAB ACCOUNT IN THE NAME OF MARY KVINTA NUMBER 3485-2582 AS A `MARITAL ASSET' TO PLAINTIFF, ANITA KVINTA." CHARLES KVINTA ASSIGNMENT OF ERROR II
 {¶ 20} "THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT THE JUDGMENT OF THE FRANKLIN COUNTY DOMESTIC RELATION COURT NOT AWARDING ANY OF THE CHARLES SCHWAB ACCOUNT NUMBER 3485-2582 TO PLAINTIFF ANITA KVINTA CONSTITUTED RES ADJUDICATA."
 {¶ 21} Appellee filed a cross-appeal on April 14, 2008 and assigned the following errors: *Page 7 
 CROSS-ASSIGNMENT OF ERROR I {¶ 22} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT PERSONAL JURISDICTION DID NOT EXIST AS TO APPELLANT, CHARLES KVINTA."
 CROSS-ASSIGNMENT OF ERROR II {¶ 23} "JURISDICTION EXISTS OVER MARITAL ASSETS TO DIVIDE THEM EQUALLY PURSUANT TO O.R.C. SEC. 3105.181 WHERE, AT LEAST IN PART, SAME ARE OWNED BY AN OHIO RESIDENT."
 CROSS-ASSIGNMENT OF ERROR III {¶ 24} "ATTORNEY'S FEES SHOULD HAVE BEEN AWARDED UNDER THE CIRCUMSTANCES OF THIS CASE AND THE FAILURE TO DO SO IS AN ABUSE OF DISCRETION AND IN VIOLATION OF LAW."
 CROSS-ASSIGNMENT OF ERROR IV {¶ 25} "IT WAS CONTRARY TO LAW AND THE FACTS OF THIS CASE TO ORDER PLAINTIFF TO PAY COURT COSTS."
 PRELIMINARY ISSUES {¶ 26} Review of this case centers around the resolution of five issues presented in various forms by the assignments of error of Mary Kvinta, appellant, and appellee. We find these issues to be as follows:
 {¶ 27} 1. Were the previous decisions of the Court of Common Pleas of Franklin County, Ohio and the Supreme Court of Ohio res judicata as to the division of marital assets and the issue of jurisdiction over appellant and Mary Kvinta? (Mary Kvinta Assignment of Error I; Charles Kvinta Assignment of Error II.) *Page 8 
 {¶ 28} 2. Did the trial court have personal jurisdiction over Charles Kvinta? (Mary Kvinta Assignment of Error II, Charles Kvinta Assignment of Error I; Cross-Assignment of Error I.)
 {¶ 29} 3. Did the trial court have personal jurisdiction over Mary Kvinta via Ohio's long arm statute? (Mary Kvinta Assignment of Error III; Cross-Assignment of Error II.)
 {¶ 30} 4. Did the trial court err in not awarding attorney fees against Mary Kvinta? (Cross-Assignment of Error III.)
 {¶ 31} 5. Did the trial court err in ordering appellee to pay court costs? (Cross-Assignment of Error IV.)
 {¶ 32} We will address these issues separately.
 RES JUDICATA {¶ 33} Pivotal to the trial court's decision were the determinations made by the Court of Common Pleas of Franklin County, Ohio and the Supreme Court of Ohio in Kvinta I and Kvinta II. Both appellant and Mary Kvinta argue the lack of personal jurisdiction was fully litigated and resolved in these two cases. Therefore, the issue of minimum contacts in Ohio was resolved and estopped the re-litigation of the issue.
 {¶ 34} Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus.
 {¶ 35} Appellee argues the Franklin County action involved a complaint for legal separation which is separate and distinct from the issue of divorce and division of *Page 9 
marital property. In its judgment entry filed June 29, 2007, the trial court rejected this argument, stating the following:
 {¶ 36} "Defendant argues that a divorce action is separate and distinct from an action for a legal separation, thus she is entitled to re-litigate long arm jurisdiction. This Court specifically rejects Plaintiff's argument, which is curious, in that Plaintiff wants to rely on that Court's finding that the parties were married at common law. No credible evidence was presented to the Court sufficient for the Court to conclude that Charles Kvinta intended Ohio to be his residence at any time after the parties left. From 1981, the date that Franklin County Court of Common Pleas found the parties established a common law marriage, until 1991 when Plaintiff moved back to Ohio, the parties lived in Texas, Kansas, Oklahoma and overseas. Plaintiff came back from overseas in 1991, when Defendant, Charles Kvinta, moved to Kuwait. Mrs. Kvinta thereafter moved into a home purchased for her by Charles Kvinta in Richland County, Ohio. No evidence was presented which establishes that Charles Kvinta did other than visit for periods up to a month, during which time the parties continued an amorous relationship. In fact, the tax returns filed by Mr. Kvinta indicate Kuwait to be his place of residence."
 {¶ 37} In order to determine whether the doctrine of res judicata bars the re-litigation of the minimum contacts doctrine as to appellant, we must examine the Franklin County decisions and their progeny.
 {¶ 38} The specific issues of minimum contacts was discussed at length in the Franklin County March 9, 2001 judgment entry finding no personal jurisdiction over appellant under Civ.R 4.3(A)(6): *Page 10 
 {¶ 39} "In August 1991, Mr. Kvinta moved to Kuwait. At this time, the parties had been separated for at least a year. In August 1992, Mrs. Kvinta and the children moved to Ohio. At this time, Mr. Kvinta purchased a house, in his name only, for her and the children in Mansfield, Ohio.* * * Mr. Kvinta purchased the house during a one-month vacation and helped plaintiff get settled and move items from storage into the home. He returned to Kuwait and always maintained his separate home, living and working in Kuwait. * * * He took vacation to visit twice a year for about a month each time.* * *
 {¶ 40} "Plaintiff testified that the relationship `was as it always has been' but that defendant traveled more. She testified that they joined Resurrection parish `as we have in every other place we have lived', attended mass and some dinners at the church together in Ohio, defendant attended his son's baseball games, bought suits in Cincinnati, and that defendant received some mail at the Mansfield address. * * * Defendant visited a Cleveland doctor during a trip to Ohio in 1995. * * * Plaintiff testified that the parties had intimate relations in the state of Ohio until she filed for legal separation in 1995. * * *
 {¶ 41} "A close review of the testimony and exhibits reveals that defendant's contacts with Ohio are de minimis. Plaintiff admitted that defendant attended a few church events, dinners and some baseball games `in the little bit of time that he is here' during his vacations from Kuwait.* * * Plaintiff's telephone contacts concerned matters related to the children.* * * The mail introduced in plaintiff's exhibit R is exclusively `junk mail' and two apparently long overdue collection notices for a visit at some unspecified date from Metro Health in Cleveland, Ohio. Plaintiff prepared and filed her 1993 income tax return as a single Ohio resident.* * * (Def. Ex. 6). Based on the testimony, the marital *Page 11 
relationship between the parties essentially ended with their separation in late 1989 to mid 1990. While it is clear that defendant has been to Ohio only for visits since plaintiff's move here in 1992, he has not established residence in Ohio nor has he `lived in the marital relationship' in Ohio sufficient to establish `minimum contacts' necessary to establish jurisdiction over the person of defendant." (Citations and footnote omitted.)[1]
 {¶ 42} It is clear from this decision that up to and including March 9, 2001, appellant did not have the sufficient minimum contacts in Ohio to create in personam jurisdiction. See, Kvinta I wherein the Tenth District agreed there was no personal jurisdiction under Civ. R. 4.3(A)(6) and Kvinta II wherein the Tenth District reaffirmed this holding and also found no personal jurisdiction under Civ. R. 4.3(A)(8). Based upon these specific adjudicated facts, the issue of personal jurisdiction over appellant is res judicata.
 {¶ 43} The next inquiry is whether or not appellant, from March 9, 2001 to the filing of this case on December 8, 2004, established minimum contacts with the state of Ohio. In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner (1977), 433 U.S. 186, 204. The Supreme Court of Ohio has held that in determining the issue of personal jurisdiction over a defendant, "[t]he sole issue is whether it is fair and reasonable for the [defendant] to appear and defend this action in the courts of Ohio." Wainscott v. The St. Louis-San Francisco RailwayCo. (1976), 47 Ohio St.2d 133, 137. "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the *Page 12 
privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla (1958),357 U.S. 235, 253.
 {¶ 44} In its June 29, 2007 judgment entry, the trial court concluded the record did not establish sufficient minimum contacts. Hearings on the issue were held on July 24, and October 13, 2006. Testimony centered on appellant's activities in Ohio from 1991 to 1996. July 24, 2006 T. at 64, 66, 73-75, 79-80; Plaintiff's Exhibits 2-15. Some of the exhibits presented by appellee included photographs and a videotape of appellant in Ohio during this time span. Plaintiff's Exhibits 14 and 15. Appellee admitted to having the photographs at the time of the Franklin County proceedings, but was unaware of the videotape. July 24, 2006 T. at 78-81, 83, 86, 145. Also presented as evidence was Plaintiff's Exhibit 1, a record from the Ohio Attorney General and the Accountancy Board of Ohio pertaining to appellant's credentialing status as a CPA in Ohio from 1971 to 2007. October 13, 2006 T. at 4. This exhibit was the only evidence presented concerning appellant's activity in Ohio since March of 2001, and presumably was available during the Franklin County proceedings as it may have reflected on appellant's status up to 2001.
 {¶ 45} We conclude the evidence presented did not demonstrate any minimum contacts of appellant with the state of Ohio after the final determination of the issue in March of 2001. The registration of one's status as a certified public accountant is not sufficient and is deminimis contact with the state.
 {¶ 46} As to appellant, res judicata bars the re-litigation of the jurisdictional issue. As a matter of law, appellee has failed to establish in personam jurisdiction over appellant from March 9, 2001. *Page 13 
 {¶ 47} Mary Kvinta argues the doctrine of res judicata bars re-litigation relative to the Charles Schwab account as the account was properly before the Franklin County Court and the court did not divide the account. In Kvinta II at ¶ 60-62, Mary Kvinta was determined to have waived her jurisdictional argument and was found to be a proper party:
 {¶ 48} "60. Mary Kvinta next contends that, even if she was initially a proper party to this action, the trial court's March 9, 2001 decision and judgment entry dismissed her as a party when it dismissed plaintiff's complaint. Mary Kvinta maintains she was never re-joined in the action after the court granted plaintiff's motion for new trial on April 24, 2001 and reinstated the case.
 {¶ 49} "61. The record reflects that subsequent to the trial court's reinstating the case, Mary Kvinta's counsel did not file any motions pursuant to Civ. R. 12(B) objecting to the court's reassertion of jurisdiction over Mary Kvinta. To the contrary, her counsel actively participated in the action and submitted to the trial court's jurisdiction by filing various written motions and supporting memoranda, approving a judgment entry, and appearing for the final trial on the merits, although her counsel did not participate in the trial proceedings.
 {¶ 50} "62. Under the foregoing circumstances, Mary Kvinta is deemed to have submitted herself to the court's renewed jurisdiction over the case and waived any jurisdictional defenses she could have raised under Civ. R. 12(B) after the case was reinstated. Moreover, where her attorney had an opportunity to participate in the trial and defend her interests in the Mansfield property, Mary Kvinta was not denied *Page 14 
procedural due process by the trial court's adjudication of the interests in the real property."
 {¶ 51} As this decision noted at ¶ 50, the only objection subject to judicial determination was to the real property in Richland County:
 {¶ 52} "50. In this case, service of process of plaintiff's complaint for legal separation was made upon defendant, proving defendant notice of plaintiff's request to the trial court to appropriate the Mansfield, Ohio property and award it to plaintiff as support. The property thus properly was brought within the control and jurisdiction of the trial court, which then had the power to adjudicate the parties' rights in the property, including an award of the property to plaintiff as spousal support. R.C. 3105.171(B); Reed; Benner, and Meadows, supra."
 {¶ 53} As Kvinta II points out, the subject matter of the Franklin County case was for separate maintenance, and the trial court's jurisdiction could only attach real property in Ohio. The Charles Schwab account was never litigated in Franklin County and would not have been subject to the jurisdiction of that court. Therefore, the doctrine of res judicata does not bar the pursuit of the division of this account in a subsequent divorce action.
 PERSONAL JURISDICTION OVER APPELLANT {¶ 54} R.C. 2307.382 governs personal jurisdiction and states the following:
 {¶ 55} "(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
 {¶ 56} "(1) Transacting any business in this state;
 {¶ 57} "(2) Contracting to supply services or goods in this state; *Page 15 
 {¶ 58} "(3) Causing tortious injury by an act or omission in this state;
 {¶ 59} "(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 {¶ 60} "(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 {¶ 61} "(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
 {¶ 62} "(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
 {¶ 63} "(8) Having an interest in, using, or possessing real property in this state;
 {¶ 64} "(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.
 {¶ 65} "* * * *Page 16 
 {¶ 66} "(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him."
 {¶ 67} In Collins v. Collins, 165 Ohio App.3d 71, 2006-Ohio-181, ¶ 11, our brethren from the First District held the following:
 {¶ 68} "In order to determine financial issues, the trial court must have personal jurisdiction based upon notice to and proper service on the defendant.* * * In a divorce proceeding, the trial court must have personal jurisdiction over a nonresident defendant in order to determine issues of spousal support and property division.* * * The trial court had no jurisdiction over Brigitte Collins in this case. Therefore, the court had no authority to distribute property to which she arguably had a claim, to issue orders regarding spousal support, or to issue orders regarding the parties' pensions." (Citations omitted.)
 {¶ 69} In the case sub judice, the trial court found appellee failed to establish personal jurisdiction over appellant:
 {¶ 70} "The Court, having made an independent review of the transcript of proceedings and exhibits presented, finds that the Plaintiff has failed to establish personal jurisdiction over Charles Kvinta under the minimum contacts set forth in Ohio Civil Rule 4.3(A). The Court further finds that this exact issue had been litigated between the parties in a legal separation action in Franklin County. All of the evidence presented in the within action was presented and/or available to Plaintiff to present in the Franklin County action and, as a result, the Plaintiff is bound by that Court's decision under the doctrine of collateral estoppele (sic). In the absence of new evidence from *Page 17 
the date of the Franklin County action, this Court is bound by that decision. This Court further finds that insufficient evidence was presented to this Court, either after the Franklin County decision or in its entirety to convince this Court that personal jurisdiction over Charles Kvinta was appropriate under the minimum contacts set forth in Ohio Civil Rule 4.3(A)." See, Judgment Entry filed June 29, 2007.
 {¶ 71} Although the trial court found service of process was successful, the trial court found no in personam jurisdiction over appellant based upon the doctrine of res judicata and appellee's failure to establish appellant had minimum contacts with the state of Ohio.[2]
In our discussion of res judicata supra, we found the trial court was correct in determining it lacked in personam jurisdiction over appellant.
 PERSONAL JURISDICTION OVER MARY KVINTA {¶ 72} In its June 29, 2007 judgment entry, the trial court specifically found personal jurisdiction over Mary Kvinta as follows:
 {¶ 73} "Regarding Mary Kvinta, Plaintiff relies upon the theory that she committed tortuous acts outside Ohio injuring Plaintiff, thus enabling the Court to obtain personal jurisdiction over her by virtue of Ohio Civil Rule 4.3(A)(9): [']Causing tortuous injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person to be served might reasonably have expected that some person would be injured by the act in this state.' In fact Mary Kvinta admits in her admissions that, `You paid nothing for the transfer of this account to your name and the purpose was to commit fraud and defeat/eliminate any claims of Plaintiff, Anita Kvinta.' Plaintiff's Exhibit 18, No. 22. By her admission Mary Kvinta acknowledges the tort, *Page 18 
fraud, and the injury to Plaintiff by the transfer of an account to `defeat/eliminate any claims of Anita Kvinta.'
 {¶ 74} "The more sticky question for this Court regards the necessity that the tortuous act must give rise to the cause of action under which jurisdiction is being sought. This is an action for divorce. Clearly Plaintiff and Mary Kvinta were never married. Mary Kvinta is a named party by virtue of Civil Rule 75(B)(1). `(1) A person or corporation having possession of, control of, or claiming an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support, may be made a party defendant.' Is such a claim `arising from the tortuous conduct' when it is asserted within the context of a complaint for divorce?
 {¶ 75} "In Kvinta v. Kvinta, 2003 Ohio App. LEXIS 607, (10th District Ct. of Appeals, Franklin County, Feb 22, 2000), the Franklin County Court of Appeals held that the transfer of real property located in the state of Ohio was insufficient to enable the Plaintiff in the Divorce action to obtain long arm jurisdiction. In that case the Franklin County Court of Appeals ruled that the action for divorce did not arise from the holding of real property. Upon remand the plaintiff proceeded against the property in rem and not through in personum (sic) jurisdiction over Charles Kvinta.
 {¶ 76} "Notwithstanding, the Court finds that the claim against Mary Kvinta is that she possesses marital property that she has fraudulently concealed in the divorce action. This Court finds that the claim arising out of the tort therefore becomes an action arising out of the divorce action. Marital property owned by Charles Kvinta, paid to his new spouse would not give rise to a separate cause of action in a Court of *Page 19 
general division. It is the divorce proceeding that requires the Court to divide marital property between the parties that gives rise to the injury required under Civil Rule 4.3(A)(9). Absent an award in the divorce action, a separate action in the general division would necessarily fail.
 {¶ 77} "* * * So long as an independent basis for exercising personal jurisdiction over Mary exists, Plaintiff may proceed in her claim against Mary. Based upon Mary's admission of fraud, it would appear that Mary is a proper party and that Plaintiff has a tort action against Mary, thereby vesting this court with an independent basis for exercising personal jurisdiction over Mary, pursuant to Civ. R. 4.3(A)(9)."
 {¶ 78} In so ruling, the trial court relied on the following admissions filed by Mary Kvinta on September 20, 2006:
 {¶ 79} "14. Admit that Defendant, Charles J. Kvinta, transferred assets to you, before January 1, 1995.
 {¶ 80} "ANSWER: D
 {¶ 81} "15. Admit that Defendant, Charles J. Kvinta, transferred assets to you, after January 1, 1995.
 {¶ 82} "ANSWER: A
 {¶ 83} "18. Admit that Defendant, Charles J. Kvinta, was the previous sole owner of Account No. 5302-2223 with the Defendant, Charles Schwab and Company. (Exhibit `C')
 {¶ 84} "ANSWER: A
 {¶ 85} "19. Admit that funds from this account were transferred to a joint account in the names of Charles J. Kvinta and Mary Kvinta. (Exhibit `D') *Page 20 
 {¶ 86} "ANSWER: A
 {¶ 87} "20. Admit that funds from this account were transferred to an account in your sole name, Account No. 3485-2582. (Exhibit `E')
 {¶ 88} "ANSWER: A
 {¶ 89} "21. Admit that on or about September 30, 2005, Account No. 3485-2582 maintained a balance of $778,646.36. (Exhibit `F')
 {¶ 90} "ANSWER: A
 {¶ 91} "22. Admit that you paid nothing for the transfer of this account to your name and the purpose was to commit fraud and defeat/eliminate any claims of Plaintiff, Anita Kvinta.
 {¶ 92} "ANSWER: A."
 {¶ 93} The admissions clearly invoked the trial court's personal jurisdiction over Mary Kvinta pursuant to Civ. R. 4.3(A)(9). We note the personal jurisdiction statute, R.C. 2307.382, and the out-of-state service of process rule, Civ. R. 4.3, "are consistent and in fact complement each other." Kentucky Oaks Mall Co. v. Mitchell's FormalWear, Inc. (1990), 55 Ohio St.3d 73, 75. We conclude the trial court had in personam jurisdiction over Mary Kvinta and the Charles Schwab account.
 MARY KVINTA ASSIGNMENTS OF ERROR I, II, AND III {¶ 94} In her assignments, Mary Kvinta challenges the trial court's decision and disposition of the Charles Schwab account. Appellant argues personal jurisdiction over her was not appropriate under Ohio's long arm statute, R.C. 2307.382.
 {¶ 95} As we noted in our discussion on personal jurisdiction relative to Mary Kvinta, the trial court's decision to exercise said jurisdiction was correct. *Page 21 
 {¶ 96} The doctrine of res judicata does not bar the litigation of an asset taken in fraud. This matter is a divorce action, not an action for separate maintenance as the Franklin County case. The division of marital assets taken by a fraudulent and tortuous act was not litigated in the Franklin County case. Res judicata arising from the Franklin County case bars re-litigation of the minimum contacts issue as it applies to appellant only.
 {¶ 97} Mary Kvinta Assignments of Error I, II, and III are denied.
 CHARLES KVINTA ASSIGNMENTS OF ERROR I AND II {¶ 98} In his assignments, appellant also challenges the trial court's decision and disposition of the Charles Schwab account. Appellant argues the doctrine of res judicata bars the litigation and distribution of the account.
 {¶ 99} As we noted in our discussion on personal jurisdiction relative to appellant, the issue was res judicata as the Franklin County case had determined the matter of appellant's minimum contacts with the state of Ohio.
 {¶ 100} We have concluded there was no personal jurisdiction over appellant. However, this issue does not address the true issues raised by these assignments of error which are, personal jurisdiction over Mary Kvinta and her admitted fraudulent acceptance of assets without consideration.
 {¶ 101} The trial court determined, and we concur, that the trial court had personal jurisdiction over Mary Kvinta and the Charles Schwab account pursuant to Civ. R. 4.3(A)(9) [R.C. 2307.382(A)(6)].
 {¶ 102} Charles Kvinta Assignments of Error I and II are denied. *Page 22 
 CROSS-ASSIGNMENTS OF ERROR I AND II {¶ 103} Appellee argues the trial court erred in its decision on personal jurisdiction over appellant as the issue was not barred by the doctrine of res judicata. Appellee also argues the trial court had jurisdiction over all the marital assets.
 {¶ 104} As we noted in our discussion on personal jurisdiction relative to appellant, the issue was res judicata as the Franklin County case had determined the matter of appellant's minimum contacts with the state of Ohio, and appellee had failed to establish minimum contacts since March of 2001. Because no personal jurisdiction was established, the trial court was limited in its distribution of marital assets pursuant to Collins, supra.
 {¶ 105} Cross-Assignments of Error I and II are denied.
 CROSS-ASSIGNMENTS OF ERROR III AND IV {¶ 106} Appellee argues the trial court erred in failing to award her attorney fees and ordering her to pay court costs. We disagree.
 {¶ 107} Appellee acknowledges these issues are reviewed under an abuse of discretion standard. Babka v. Babka (1992), 83 Ohio App.3d 428;Howard v. Wills (1991), 77 Ohio App.3d 133. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 108} Appellee argues because she won, she should not have to pay costs. Except for App. R. 24, there is no rule authorizing the payment of court costs by the "loser." *Page 23 
 {¶ 109} In its decision and order filed February 20, 2008, the trial court determined the following:
 {¶ 110} "By virtue of the fact that this Court has no in personam jurisdiction over the Defendant, Charles Kvinta, this Court is powerless to issue an Order for allowance of attorney fees or make a distributive award of other allocation imposing a personal financial obligation on the Defendant, Charles Kvinta."
 {¶ 111} Given that the trial court did not have personal jurisdiction over appellant and was therefore limited in its financial orders against him, we find the trial court did not abuse its discretion on the issues of attorney fees and court costs.
 {¶ 112} As to any argument related to the payment of attorney fees and costs by Mary Kvinta, in determining an award of attorney fees, "the court must determine whether the payor has the ability to pay the attorney fees it awards and whether either party would be prevented from fully litigating his or her rights and adequately protecting his or her interests if attorney fees were not awarded." Mikhail v. Mikhail, Lucas App. No. L-03-1195, 2005-Ohio-322, ¶ 42; see also, R.C. 3105.18(H). Given the fact that appellee has been involved in on-going litigation over this matter for some thirteen years, coupled with the fact that she was awarded over $389,000.00, we find appellee has not been prevented from fully litigating her rights and has the ability to pay.
 {¶ 113} Cross-Assignments of Error III and IV are denied. *Page 24 
 {¶ 114} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, J. Gwin, P.J. and Wise, J. concur. *Page 25 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellants.
[1] Although this decision was appealed, the appeal was dismissed as a non-final appealable order in Franklin County App. No. 01AP369.
[2] Appellant and Mary Kvinta were successfully served at their post office box in Riyadh, Kingdom of Saudi Arabia in June of 2005. See, Judgment Entry filed May 19, 2006. *Page 1