[Cite as *State v. Rorie*, 2011-Ohio-2556.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                          |   | JUDGES:                  |
|--------------------------|---|--------------------------|
| STATE OF OHIO            | : | W. Scott Gwin, P.J.      |
|                          | : | Sheila G. Farmer, J.     |
| Plaintiff-Appellee       | : | Julie A. Edwards, J.     |
|                          | : |                          |
| -vs-                     | : | Case No. 2010CA00154     |
|                          | : |                          |
|                          | : |                          |
| DESMOND RORIE            | : | O P I N I O N            |
|                          |   |                          |
| Defendant-Appellant      |   |                          |



CHARACTER OF PROCEEDING:            Criminal Appeal from Stark County
                                    Court of Common Pleas Case No.
                                    2002CR0407

JUDGMENT:                           Dismissed

DATE OF JUDGMENT ENTRY:             May 23, 2011

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO                     STEPHEN P. HARDWICK
Prosecuting Attorney                Office of the Ohio Public Defender
Stark County, Ohio                  250 E. Broad Street – Ste. 1400
                                    Columbus, Ohio  43215

BY: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Ste. 510
Canton, Ohio  44702-1413

*Edwards, J.*

{¶1} Appellant, Desmond Alexander Rorie, appeals a judgment of the Stark County Common Pleas Court resentencing him for one count of felonious assault (R.C. 2903.11(A)(1)). Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} In 2002, appellant was indicted by the Stark County Grand Jury with one count of felonious assault. He was convicted after jury trial, and sentenced to eight years incarceration. The judgment was affirmed by this Court. *State v. Rorie*, Stark App. No. 2002-CA-00187, 2005-Ohio-1726. The Ohio Supreme Court reversed the portion of this Court's opinion regarding the imposition of the maximum sentence pursuant to *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. The case was remanded to the trial court for resentencing.

{¶3} On remand, the court again sentenced appellant to eight years incarceration. One day later, the court held a hearing at which time the court imposed a term of postrelease control of up to five years. Appellant filed an appeal from this judgment.

{¶4} This Court reversed, finding that the correct period of postrelease control was three years, not five years. *State v. Rorie*, Stark App. No. 2006-Ohio-00181, 2007-Ohio-741. We vacated the postrelease control portion of the sentence and remanded for further proceedings.

{¶5} On remand, the trial court issued a judgment on March 27, 2007, which stated in pertinent part:

{¶6}   "The Court has further notified the defendant that post release control is mandatory in this case and a maximum of three (3) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28.   The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control."  Appellant did not appeal this entry.

{¶7}   For reasons not apparent on the record, the trial court conducted another resentencing hearing on March 8, 2010, while appellant was still incarcerated, to address postrelease control.  On March 18, 2010, the court filed a resentencing entry, which states in pertinent part:

{¶8}   "On March 8, 2010, Defendant came before the Court for re-sentencing pursuant to the decision of the Fifth District Court of Appeals for Stark County in *St. v. Rorie*, Stark App. No. 2006-CA-00181.   The Defendant having previously been found guilty by jury to the crime of Felonious Assault, 1 Ct. [R.C.2903.11(A)(1)](F2) as charged in the indictment . . . .

{¶9}   "The Court has further notified the defendant that upon release from prison, the Defendant is ordered to serve a mandatory period of three years of post release control pursuant to R.C. 2967.28(B)."

{¶10}  Appellant did not appeal the March 18, 2010, judgment entry.

{¶11}  For reasons again not apparent on the record, the court filed a corrected re-sentencing entry on May 12, 2010, after appellant was released from prison. This entry provides in pertinent part:

{¶12} "On March 8, 2010, Defendant came before the Court for re-sentencing pursuant to the decision of the Fifth District Court of Appeals for Stark County in St. v. Rorie, Stark App. No. 2006-CA-00181. The Defendant having previously been found guilty by jury to the crime of Felonious Assault, 1 Ct. [R.C.2903.11(A)(1)](F2) as charged in the Indictment *and being duly convicted thereon*…

{¶13} "The Court has further notified the defendant that upon release from prison, the Defendant is ordered to serve a mandatory period of three years of post release control pursuant to R.C. 2967.28(B)." (Emphasis added).

{¶14} Appellant filed a notice of appeal from the May 12, 2010 entry, assigning the following errors:

{¶15} "I. THE TRIAL COURT ERRED BY ADDING POSTRELEASE CONTROL TO MR. RORIE'S SENTENCE AFTER HIS SENTENCE HAD EXPIRED.

{¶16} "II. THE TRIAL COURT EXCEEDED THIS COURT'S MANDATE WHEN IT IMPOSED A MAXIMUM OF THREE YEARS OF POSTRELEASE CONTROL INSTEAD OF SIMPLY IMPOSING THREE YEARS.

{¶17} "III. THE TRIAL COURT VIOLATED MR. RORIE'S RIGHT TO BE FREE FROM MULTIPLE PUNISHMENTS WHEN IT MERELY TACKED POSTRELEASE CONTROL ONTO HIS PREVIOUS PRISON TERM.

{¶18} "IV. TO THE EXTENT THE TRIAL COUNSEL WAIVED ANY OF THESE ISSUES PRESENTED IN THIS BRIEF, COUNSEL WAS INEFFECTIVE."

{¶19} We first address the issue of whether the instant appeal is timely.

{¶20} The record does not indicate why the court issued a corrected re-sentencing entry on May 12, 2010, but because the only addition to this entry from the

March 18, 2010, entry is the phrase "and being duly convicted thereon" in the first paragraph, it appears the trial court believed the addition of that phrase was necessary to make the order final and appealable pursuant to Crim. R. 32(C).

{¶21} The Ohio Supreme Court has held that a judgment of conviction is a final, appealable order when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based, (2) the sentence, (3) the signature of the judge, and (4) entry on the journal by the clerk of courts. *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-3330, ¶18.

{¶22} In the instant case, we find the addition of the words "and being duly convicted thereon" was superfluous.  The March 18, 2010, resentencing entry set forth that appellant had been found guilty by a jury, the sentence, the judge's signature and entry on the journal by the clerk of courts.  Because the March 18, 2010, order was a final, appealable order of resentencing following appellant's March 8, 2010, sentencing hearing, and appellant did not file his notice of appeal until June 11, 2010, the instant appeal is untimely pursuant to App. R. 4(A).  The appeal is dismissed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0208

[Cite as *State v. Rorie*, 2011-Ohio-2556.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DESMOND RORIE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00154 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Stark County Court of Common Pleas is dismissed. Costs assessed to appellant.

_____

_____

_____

JUDGES