LYKINS OIL COMPANY, Appellee,

v.

PRITCHARD et al., Appellants.

[Cite as *Lykins Oil Co. v. Pritchard,* 169 Ohio App.3d 194, 2006-Ohio-5262.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050982.

Decided Oct. 6, 2006.

Freund, Freeze & Arnold; John J. Garvey III, and Ilona I. Katrus, and Thompson & Co., L.P.A., and James W. Thompson, for appellee.

Katz, Teller, Brant & Hild, James F. McCarthy III, and Whitney Maxson, for appellants.

SYLVIA S. HENDON, Judge.

{¶ 1} This appeal concerns the disfavored, albeit legal, action known as a cognovit judgment.

{¶ 2} Defendants-appellants, Roger and William Pritchard, have appealed from the trial court's denial of their Civ.R. 60(B) motion for relief from the cognovit judgment obtained against them by plaintiff-appellee, Lykins Oil Company.

{¶ 3} Because the Pritchards were entitled to relief from the cognovit judgment, we reverse the decision of the trial court.

### The Cognovit Provision

{¶ 4} The Pritchards were part owners of Decatur Commons, a limited liability company. Decatur Commons operated Decatur Travel Plaza ("Decatur Travel"), an entity that functioned as a convenience store and fueling station.[1] Decatur Travel contracted to purchase Exxon-branded gasoline supplied by Lykins. Supplemental to this initial contract, the Pritchards also signed guaranty agreements that contained both cognovit and warrant-of-attorney provisions. Through these agreements, the Pritchards guaranteed and became personally liable for all payments due under the supply contract.

{¶ 5} It is difficult to imagine a liability more all-encompassing than the one that was embodied in the guaranty agreements signed by the Pritchards in favor of Lykins. By signing, the Pritchards accepted terms that provided that "without notice to or further assent from the Guarantor, the Creditor may waive or modify any of the terms or conditions of the Agreement" and that "[t]he liability of the guarantor is direct, immediate, absolute, continuing, unconditional and unlimited."

{¶ 6} Further, in traditional cognovit language, the Pritchards waived notice of any action taken by Lykins to enforce the note, and they consented to judgment "for the principal amount of the Note plus interest." The guaranty agreements specified no set amount of indebtedness but, rather, were intended to secure the performance of Decatur Travel.

{¶ 7} The guaranty concluded with a warning, in bold print and capital letters, that restated the terms already described and additionally provided that judgment could be taken against the Pritchards "regardless of any claims * * * against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause."

{¶ 8} In any other context, terms such as these would be declared unenforceable in a court of law. But the law in Ohio is well settled that a commercial cognovit note is recognized and valid.

{¶ 9} Decatur Travel defaulted on the supply contract, and Lykins obtained a cognovit judgment against the Pritchards. The Pritchards filed a Civ.R. 60(B)

---

1. Defendant, Donald Rice, not a party to this appeal, was also a former owner of Decatur Commons.

motion for relief from the judgment and a motion for leave to file an answer to Lykins's complaint. The trial court denied the Pritchards' motions.

## Standard of Review

{¶ 10} Generally, a party seeking relief under Civ.R. 60(B) must demonstrate that "(1) the party has a meritorious defense or claim to pursue if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." [2]

{¶ 11} But Ohio courts have recognized the harsh results of the cognovit procedure, namely, that the defendant has never received a day in court or a chance to be heard.[3] As a result, the requirement that a movant show grounds for relief under Civ.R. 60(B)(1) through (5) has been eliminated. Accordingly, when a party seeks Civ.R. 60(B) relief from a cognovit judgment, it need establish only that it has a meritorious defense and that the motion is timely raised.[4]

{¶ 12} We review the trial court's ruling on a Civ.R. 60(B) motion for an abuse of discretion.[5]

## The Pritchards Were Entitled to Relief from Judgment

{¶ 13} Lykins was granted judgment against the Pritchards on September 30, 2005. The Pritchards moved to set aside this judgment on October 24, 2005, and by an accompanying memorandum set out various defenses that they would raise upon the trial court's granting of leave to file an answer. It cannot be disputed that the Pritchards timely raised their motion for relief. We must now determine whether the Pritchards presented a meritorious defense to the cognovit judgment.

{¶ 14} The Pritchards had only to allege a meritorious defense and to provide operative facts in support thereof.[6] They were not required to prove that

---

2. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150, 1 O.O.3d 86, 351 N.E.2d 113.

3. See *G.W.D. Ent. v. Down River Specialties, Inc.* (May 24, 2001), 8th Dist. No. 78291, 2001 WL 563904.

4. *Madison Designs, Inc. v. Fifth Third Bank* (May 1, 1998), 1st Dist. No. C–970181, 1998 WL 212751.

5. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914.

6. *Madison Designs, Inc.*, 1st Dist. No. 970181, 1998 WL 212751, citing *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.

they would have prevailed on that defense.[7]  A meritorious defense "goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note."[8]

{¶ 15} The judgment in this case was predicated on an affidavit by Robert Manning, Chief Financial Officer of Lykins, in which he stated that the amount due from the Pritchards was $797,114.50.  This amount included Decatur Travel's unpaid balance, branding costs, attorney fees, and $505,000 in lost profits.  The affidavit did not specify how these lost profits were calculated.

{¶ 16} In determining whether the Pritchards had established a meritorious defense, we note that when signing the guaranty agreements, the Pritchards were never on notice about the maximum extent of their liability.  Unlike many cognovit notes, the Pritchards' note did not guaranty their liability for a sum certain.  Instead, their liability was open-ended.  We are mindful that "by definition, a cognovit provision * * * cuts off every defense, except payment,"[9] although, under these circumstances, it appears that even a defense of payment would fail when applied to the open-ended liability of the Pritchards.  But "[t]he defense of non-default is not the only meritorious defense recognized by courts as being available to a cognovit judgment debtor seeking Civ.R. 60(B) relief."[10]  Courts have recognized other defenses and reasons that "encompass such matters of integrity and validity."[11]

{¶ 17} In their Civ.R. 60(B) motion, the Pritchards alleged that they had paid for fuel that was not delivered, that on several occasions Lykins had provided non-Exxon-branded gasoline, that Lykins had failed to secure the best available price for diesel fuel, that Lykins had failed to provide promised pooled-profit margins, and that Lykins had withheld credits for imaging support that had been provided for in the contract.

---

7.  Id.

8.  *First Natl. Bank of Pandora v. Freed,* 3rd Dist. No. 5–03–36, 2004-Ohio-3554, 2004 WL 1489074, ¶ 10.

9.  *Bates v. Midland Title of Ashtabula Cty., Inc.,* 11th Dist. No. 2003–L–127, 2004-Ohio-6325, 2004 WL 2694923, ¶ 25, quoting *Tinnes v. Immobilaire IV, Ltd.* (Feb. 13, 2001), 10th Dist. No. 00AP–87, 2001 WL 122073.

10.  *First Natl. Bank of Pandora,* 3rd Dist. No. 5–03–36, 2004-Ohio-3554, 2004 WL 1489074, ¶ 9.

11.  *Mervis v. Rothstein,* 8th Dist. No. 86090, 2005-Ohio-6381, 2005 WL 3219707, ¶ 9, citing *First Natl. Bank of Pandora,* 3rd Dist. No. 5–03–36, 2004-Ohio-3554, 2004 WL 1489074, ¶ 10.

{¶ 18} We conclude that through these allegations, the Pritchards raised a meritorious defense attacking the validity and the amount of the judgment rendered against them. We further conclude that the trial court abused its discretion in denying the Pritchards' Civ.R. 60(B) motion for relief and their motion for leave to file an answer.

{¶ 19} In their appellate brief, the Pritchards also argue that the arbitration clause contained in the supply contract should have been extended to them as guarantors of the contract, even though they were not signatories thereof. We decline to rule on this argument, because the trial court's entry is silent on this issue. Only a full hearing on the merits of the case will provide a sufficient basis to determine whether the Pritchards can enforce the arbitration clause even though they were not parties to the supply contract.

{¶ 20} In their second assignment of error, the Pritchards argue that the trial court abused its discretion in denying their Civ.R. 60(B) motion without first holding an evidentiary hearing. But our resolution of the Pritchards' first assignment of error has rendered this argument moot, and we decline to address it.[12]

### Conclusion

{¶ 21} Because the Pritchards established that they timely filed their motion less than 30 days after the court had entered judgment and that they had a meritorious defense to assert against Lykins's claims, they were entitled to relief from judgment. Accordingly, we vacate the cognovit judgment entered against the Pritchards, grant them leave to file an answer, and remand this cause for further proceedings.

Judgment reversed
and cause remanded.

GORMAN, P.J., and SUNDERMANN, J., concur.

---

12. See *Madison Designs, Inc.,* 1st Dist. No. 970181, 1998 WL 212751.