DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals the order of the Erie County Court of Common Pleas, granting summary judgment to the maker of a cognovit note. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On October 3, 1999, Hal Gerold[1] entered into an agreement with appellee, John Bush, to sell to appellee a portion of Gerold's business, North Coast Supply, Inc. The terms of the agreement provided for Gerold to transfer to appellee 49 percent of his shares of North Coast stock to be held by the secretary of the corporation, pending redemption of a $50,000 cognovit note due on or before January 1, 1997. After January 1, 1997, the agreement provided terms for appellee to purchase the remainder of the company.
 {¶ 3} The business relationship apparently did not fare well. On December 20, 1995, Gerold and the corporation sued appellee for breach of a non-compete clause contained in the 1994 agreement. As the result of the suit, the parties entered into negotiations, resulting in a court facilitated settlement. Entered as an agreed judgment entry on February 23, 1996, the settlement provided, inter alia:
 {¶ 4} "3) Both parties agree that this settlement forever resolves all pending claims and/or claims against each other which could have been brought pursuant to any claim, right and/or interest arising from their agreement executed October 3, 1994, and constitutes a full and final release between them."
 {¶ 5} On January 13, 1997, Gerold sued on the cognovit note. Accompanying the suit was an answer filed by an attorney confessing judgment. Also filed with the suit was a praecipe expressly directing the clerk not to effect service on appellee. On June 17, 1997, the court entered judgment on the note. A month later, Gerold's counsel obtained a *Page 3 
certificate of judgment. One day after that, Gerold's attorney filed a praecipe directing that the clerk send appellee the canceled cognovit note.
 {¶ 6} On September 25, 1997, Gerold instituted garnishment proceedings against appellee's bank account. On receipt of the notice of garnishment, appellee contested the garnishment, then moved for relief from judgment in the principal proceeding, pursuant to Civ.R. 60(B). Following numerous memorandums in favor of and opposed to the motion, on March 5, 1998, the trial court granted relief on the ground that Gerold had not complied with R.C. 2323.13 after entry of judgment on the note.
 {¶ 7} After prevailing on his Civ.R. 60 (B) motion, appellee filed an amended answer to Gerold's complaint, raising as defenses accord and satisfaction and res judicata arising from the 1996 settlement entry. Appellee then moved for summary judgment on the same grounds. After the trial court denied the motion, appellee filed a counterclaim, alleging contractual and fiduciary breach. Gerold answered, denying appellee's allegations.
 {¶ 8} On November 17, 1998, citing additional authority that appellee asserted was on point, appellee requested reconsideration of his motion for summary judgment. The trial court reconsidered its prior ruling and reversed itself, granting summary judgment to appellee. Gerold attempted to appeal this judgment, but his appeal was dismissed by this court for want of a final appealable order due to the unresolved counterclaim.Gerold v. Bush (June 4, 1999), 6th Dist. No. E-99-001. *Page 4 
 {¶ 9} In the trial court, Gerold sought, and was denied, summary judgment on appellee's counterclaim. On November 10, 1999, counsel for Hal Gerold filed a suggestion of his death. Gerold's estate was eventually substituted as a plaintiff in 2004, but the case languished until February 12, 2007, when appellee voluntarily dismissed his countersuit. On March 2, 2007, appellant instituted this appeal, challenging the 1997 grant of relief from judgment and the 1998 award of summary judgment. Appellant sets forth the following two assignments of error:
 {¶ 10} "I. The trial court erred in reconsidering and granting defendant's motion for summary judgment, relating to defendant's payment obligation on a cognovit note instrument, where a prior release of claims did not release executed obligations or future claims which were not yet mature.
 {¶ 11} "II. The trial court erred when it granted defendant relief from judgment on a cognovit note instrument based upon the alleged lack of notice of that judgment, where defendant did receive notice and misrepresented this fact to the court."
 {¶ 12} We shall discuss appellant's assignments of error in reverse order.
 {¶ 13} A cognovit note authorizes an attorney to confess judgment against any person signing. It is written authority of the debtor for entry of judgment against him or her if he or she fails to satisfy the terms of the note. The judgment may be taken without notice by any person holding the note. Medina Supply Co. v. Corrado (1996),116 Ohio App.3d 847, 850; Black's Law Dictionary (6 Ed. 1990), 260. Cognovit notes are disfavored in the law. Lykins Oil Co. v. Pritchard, 1st Dist. No. C 050982, 2006-Ohio- *Page 5 
5262, ¶ 1. Since 1974, cognovit notes may no longer be used in consumer transactions in Ohio. Even in commercial settings, the note must set forth "clearly and conspicuously" a statutorily prescribed warning to the maker. See R.C. 2323.13 (D).
 {¶ 14} Notwithstanding appellee's protestations of unfair dealing and underhanded practices, except for appellant's failure to provide to appellee immediate notice after the judgment entered against him, everything appellant did was within the statutory limits set for cognovit notes. See R.C. 2323.12, et seq.
 I. Relief from Judgment {¶ 15} Because cognovit notes are disfavored, they are treated somewhat differently with respect to a motion for relief from judgment. Ordinarily, to prevail on a motion for relief from judgment, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus, and Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
 {¶ 16} Where there is a cognovit judgment, however, the burden is reduced because the judgment was obtained without notice to the debtor or an opportunity to answer the complaint. In that context, the defendant is entitled to relief under Civ.R. *Page 6 
60(B)(5) if the motion was timely and the debtor alleges a "meritorious defense" to the judgment. Kistner v. Cameo Countertops, Inc., 6th Dist No. L-04-1128, 2005-Ohio-1883, ¶ 5, citing Meyers v. McGuire (1992),80 Ohio App.3d 644, 646; Citizens Natl. Bank of Norwalk v. Wakeman OilCo. (Sept. 20, 1996), 6th Dist. App. No. H-95-058; Producers CreditCorp. v. Voge, 12th Dist. App. No. CA2002-06-009, 2003-Ohio-1067, ¶ 30.
 {¶ 17} A trial court's determination to grant or deny a motion for relief from judgment will not be overturned on appeal absent an abuse of the court's discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion is more than an error in judgment or a mistake of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 18} On appeal, the parties argue whether appellee's claim for relief fits within one of the Civ. R. 60(B)(1) — (5) categories. As we have noted above, this is not a determinative issue with respect to motions for relief from a cognovit judgment. The only questions are whether the motion was timely and whether appellee presented a meritorious defense.
 {¶ 19} The motion was tendered only slightly more than 90 days after the entry of the cognovit judgment and, arguably, only weeks after appellee became aware of the judgment. We cannot say that the trial court's conclusion that the motion was timely was unreasonable. *Page 7 
 {¶ 20} With respect to a "meritorious defense," to satisfy this element a movant need only put forth an arguable position by which he or she can prevail on the claim should relief be granted. Moore v. EmmanuelFamily Training Ctr. (1985), 18 Ohio St. 3d 64, 67. In this matter, appellee raised the defenses of accord and satisfaction of the note and a failure of consideration. Either of these defenses, if proven, would defeat a suit on a note. Consequently, appellee alleged potentially meritorious defenses and the trial court did not err in granting his motion for relief from judgment. Accordingly, appellant's second assignment of error is not well-taken.
 II. Summary Judgment. {¶ 21} In its first assignment of error, appellant insists that the trial court improperly granted appellee's motion for a summary judgment.
 {¶ 22} Summary judgment may be granted only when it is demonstrated:
 {¶ 23} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 24} A party seeking summary judgment must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a *Page 8 
genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery
(1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law.Russell v. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304;Needham v. Provident Bank (1996), 110 Ohio App.3d 817, 826, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 {¶ 25} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129.
 {¶ 26} The settlement entry contained a mutual release of claims. A release is defined as: "the giving up or abandoning of a claim or right to the person against whom the claim exists or against whom the right is to be enforced or exercised. Stated in basic terms, it is a contract * * *." Fabrizio v. Hendricks (1995), 100 Ohio App.3d 352, 356.
 {¶ 27} "The overriding consideration in interpreting a release is ascertaining the intent of the parties. Ohio courts presume that the intent of the parties lies in the language they chose to employ in the agreement.
 {¶ 28} "The construction of written contracts is a matter of law and courts will give common words in a written instrument their plain and ordinary meaning, unless an absurd result would follow or there is clear evidence of another meaning from the face or *Page 9 
overall contents of the instrument. Only if the meaning of a contract term cannot be determined from the four corners of the contract, will a factual determination of intent be necessary to supply the missing term." South Equipment Co. v. Toledo Cut Stone, Inc. (Feb. 11, 2000), 6th Dist. No L-99-1197 (Citations omitted.).
 {¶ 29} In his motion for summary judgment, appellee argued that the cognovit note was a claim arising out of the original 1994 contract and was, thus, encompassed in the settlement agreement. Alternatively, appellee argued, the note failed for lack of consideration because it was unrefuted that Gerold never transferred the 49 percent of North Coast stock which he was contractually obligated to convey in consideration for the note.
 {¶ 30} Appellant argued that the cogonovit note was by its very nature separate and apart from the 1994 agreement. According to appellant, the agreement required appellee to sign the note, which he did. He, therefore, completed that contractual obligation, replacing it with a new obligation represented by the note. Moreover, since the note was not mature at the time of the settlement, it was not a "pending claim * * * which could have been brought" at the time of the negotiations and was, therefore, not included in the settlement language. With respect to any lack of consideration for the cognovit note, appellant insists that any deficiencies in satisfying the obligations of the 1994 contract were included in the settlement release as claims which "could have been brought" at that time. *Page 10 
 {¶ 31} Citing Morrison v. Fleck (1997), 120 Ohio App.3d 307, the trial court concluded that the language of the settlement agreement constituted a clear, unambiguous and unequivocal release of all claims between the parties, including the cogonovit note. On this conclusion, the trial court granted appellee's motion for summary judgment. The court did not reach the failure of consideration argument.
 {¶ 32} In our view, appellee prevails on both issues. The language of the settlement is abroad and unambiguous — constituting a "full and final release" of "all pending claims * * * arising from their agreement executed Oct. 3, 1994." It is uncontested that the note is a creature of that agreement.
 {¶ 33} With respect to the failure of consideration claim, appellant cannot have it both ways. The 1994 stock sale agreement provides that, "[a] s consideration for Gerold transferring to Bush 49% of his shares in North Coast Supply, Inc., Bush shall sign a cognovit note in the amount of $50,000.00 * * *." It is unrefuted this transfer never occurred. Thus, the only consideration stated for the cognovit note underlying this case failed at the very outset, because no such transfer ever occurred. Either the note is included in the settlement, in which case it was released, or it was not, in which case it fails for want of consideration. In neither situation does appellant prevail.
 {¶ 34} Accordingly, there was no question of material fact and appellee was entitled to judgment as a matter of law. Appellant's first assignment of error is not well-taken. *Page 11 
 {¶ 35} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing an appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR.
[1] Appellant is the estate of Hal Gerold, Barbara A. Gerold, executrix.2. *Page 1