JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Defendant Andrew Kiss (Kiss) appeals the court's denying his motion for relief from judgment and motion to stay judgment regarding a decision on a cognovit note rendered against him and for plaintiff Mario Santora (Santora). After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 3} In May 1998, Santora sold a junkyard located at 2300 Fulton Road, Cleveland, Ohio, to John and Michelle Spofford (the Spoffords). On August 4, 2003, Santora assigned the mortgage on this property to Kiss for $60,000 plus a $145,000 cognovit note. Subsequently, the Spoffords defaulted on the mortgage and Kiss defaulted on the cognovit note. On December 21, 2005, the court entered a judgment for Santora in the amount of $117,084.54 plus interest, per the balance due on the cognovit note.
 {¶ 4} On October 1, 2007, Kiss sent a letter to Santora regarding a "Notice of Dishonor" pursuant to R.C. 1303.63, demanding $205,000, which represented the monies paid and due on the note. On December 10, 2007, Kiss filed a motion to stay execution of judgment, and on December 13, 2007, Kiss filed a motion for relief from judgment. On March 21, 2008, the court denied both of Kiss's motions.
 II *Page 4 {¶ 5} In his first assignment of error, Kiss argues that "the trial court erred in denying the appellant's motion for relief from judgment." Kiss's second assignment of error states that "the trial court erred in denying the appellant's motion to stay judgment." Specifically, Kiss argues that by serving the notice of dishonor on Santora, the judgment on the cognovit note was satisfied pursuant to Civ. R. 60(B)(4).
 {¶ 6} To prevail on a Civ. R. 60(B) motion, the movant must demonstrate that 1) he has a meritorious defense or claim to present if relief is granted; 2) he is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and 3) the motion is made within a reasonable amount of time. GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146. We review a trial court's decision on a motion for relief from judgment under an abuse of discretion standard.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. "Where the judgment sought to be vacated is a cognovit judgment, however, the party need only establish a meritorious defense in a timely fashion. * * * By definition, cognovit notes `cut off every defense, except payment, which the maker of the note may have against enforcement of the note.'"Mervis v. Rothstein, Cuyahoga App. No. 86090, 2005-Ohio-6381 (internal citations omitted).
 {¶ 7} In the instant case, Kiss asserts that his meritorious defense is as follows: "Since this note was a negotiable instrument pursuant to Article 3 of the U.C.C., when Mr. Kiss tendered the Note via his Notice of Dishonor on October 1, *Page 5 
2007, the Appellee Santora was bound by the U.C.C. to accept same and return the consideration paid by Mr. Kiss." Kiss points to no case law to support this argument.
 {¶ 8} Kiss does, however, refer to R.C. 1303 et seq., which governs negotiable instruments, to support his position. First, he states that he is a "holder in due course" pursuant to R.C. 1303.32; second, he states that Santora is an "indorser" pursuant to R.C. 1303.24; third, he states that liability under negotiable instruments arises under R.C. 1303.55; and fourth, he states that he served Santora with "notice of dishonor" pursuant to R.C. 1303.63.
 {¶ 9} Santora, on the other hand, argues that a mortgage debt is not a negotiable instrument; therefore, R.C. 1303 et seq. does not apply to the case at hand.
 {¶ 10} We first conclude that it is the cognovit note which is the subject matter of the instant appeal, rather than a mortgage, as it is the cognovit judgment from which Kiss is attempting to be relieved. Pursuant to R.C. 1303.03, the definition of a negotiable instrument is as follows:
 "[A]n unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it meets all of the following requirements:
 (1) It is payable to bearer or to order at the time it is issued or first comes into possession of a holder.
 (2) It is payable on demand or at a definite time. *Page 6 
 (3) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain any of the following:
 (a) An undertaking or power to give, maintain, or protect collateral to secure payment;
 (b) An authorization or power to the holder to confess judgment or realize on or dispose of collateral;
 (c) A waiver of the benefit of any law intended for the advantage or protection of an obligor."
 {¶ 11} In the instant case, the August 4, 2003 note is an unconditional order to pay a fixed amount of money, with interest. "* * * [Kiss] hereby promise[s] to pay to the order of [Santora] * * * the sum of One Hundred Forty-Five Thousand and 00/100 Dollars ($145,000.00), with interest from the date hereof at the rate of 9.5% per annum, payable in Ninety-six (96) equal, consecutive monthly installments for Eight (8) years of Two Thousand One Hundred Sixty-Three and 40/100 Dollars ($2163.40) each * * *." Furthermore, it is payable to order at the time it was issued; it is payable at a definite time; and it does not include any other promises. Accordingly, we find that the cognovit note is a negotiable instrument under R.C. 1303.03. See, e.g., The Parmore Groupv. G V Investments, Ltd., Franklin App. Nos. 05AP-756 and 06AP-1106,2006-Ohio-6986 (holding that "the question of whether a document is a negotiable instrument is determined from the language used on the face of the document by its maker or drawer"). *Page 7 
 {¶ 12} A meritorious defense on a cognovit note is "one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note. A judgment on a cognovit note will generally not be vacated for reasons which do not encompass such matters of integrity and validity."First Natl. Bank v. Freed, Hancock App. No. 5-03-36, 2004-Ohio-3554.
 {¶ 13} In the instant case, Kiss does not allege a defect in the creation of the debt, the state of the debt at the time of judgment, nor the procedure used to procure judgment. Kiss's notice of dishonor was sent to Santora post judgment and it does not concern the integrity or validity of the debt; therefore, it does not rise to the level of a meritorious defense under Civ. R. 60(B). Kiss's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
JAMES J. SWEENEY, A.J., CONCURS; CHRISTINE T. McMONAGLE, J., CONCURS IN JUDGMENT ONLY. *Page 1