**ONDA, LaBUHN, RANKIN & BOGGS CO., L.P.A., Appellee,**

v.

**JOHNSON et al., Appellants.**

[Cite as *Onda, LaBuhn, Rankin & Boggs Co., L.P.A.
v. Johnson,* 184 Ohio App.3d 296, 2009-Ohio-4726.]

Court of Appeals of Ohio,
Fourth District, Pickaway County.

No. 08CA16.

Decided Sept. 4, 2009.

Onda, LaBuhn & Rankin Co., L.P.A., Timothy S. Rankin, and Craig J. Spadafore, for appellee.

William J. O'Malley and Daniel H. Klos, for appellant Stephen B. Johnson.

McFARLAND, Judge.

{¶ 1} Defendant–appellant, Stephen B. Johnson, appeals the decision of the Pickaway County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment. Appellant argues that the trial court erred in that (1) the amount owed on the cognovit note cannot be determined solely by reading the note, (2) the confession of judgment is invalid because it impermissibly involves a consumer transaction, and (3) the confession of judgment is an unethical attorney-client fee agreement. Because the cognovit note was facially insufficient to support the cognovit judgment, the trial court lacked subject-matter jurisdiction to render its decision and its judgment on the note is void ab initio. Accordingly,

we sustain appellant's first assignment of error and reverse the decision of the trial court.

## I. Facts

{¶ 2} Appellant, along with his parents, Sylvia and Alfred Johnson, retained the services of appellee, the law firm Onda, LaBuhn & Rankin, to represent them concerning debts they owed to various creditors.[1] During appellee's representation of appellant, appellant agreed to execute a cognovit promissory note to secure payment for appellee's legal services. Later during appellee's representation, appellant agreed to execute a modification agreement, which increased the amount of the original cognovit note. On this same occasion, appellant executed and delivered to appellee a mortgage to secure the note.

{¶ 3} In May 2007, appellee filed a two-count complaint alleging that appellant had defaulted on the note and the mortgage. The complaint sets forth two claims: (1) breach of the cognovit note and (2) a foreclosure action upon the mortgage. On the same day the complaint was filed, the trial court entered judgment against appellant on the cognovit note. Several months later, appellee filed a motion for summary judgment on the second claim, the foreclosure action. Appellant subsequently filed a memo contra to appellee's motion for summary judgment and, on the same day, filed a motion under Civ.R. 60(B) for relief from judgment on the first claim, the breach of the cognovit note.

{¶ 4} In April 2008, the trial court entered judgment denying appellant's Civ.R. 60(B) motion. Appellant appealed that decision. Because at the time appellee's summary judgment motion on the second claim, the foreclosure action, was still pending, we dismissed the appeal for lack of a final, appealable order. *Onda, LaBuhn, Rankin & Boggs, Co., L.P.A. v. Johnson*, 4th Dist. No. 08CA7, 2008-Ohio-7016, 2008 WL 5451357. In July 2008, the trial court granted appellee's summary judgment motion on the foreclosure action. The current appeal timely followed.

## II. Assignments of Error

1. The common pleas court should not have granted judgment to Onda LaBuhn as the confession of judgment provision was not enforceable because the amount owed on the instrument could not be determined solely by reading the promissory note.

2. The common pleas court should not have granted judgment to Onda LaBuhn as the confessions of judgment provision was inserted into a consumer

---

1. Sylvia and Alfred Johnson are the appellants in a companion case to the case sub judice.

transaction, and confessions of judgment cannot be used in consumer transactions.

3. The common pleas court should not have granted judgment to Onda LaBuhn as the confession of judgment provision was an unethical attorney client fee agreement.

### III. Legal Analysis

{¶ 5} In his first assignment of error, appellant argues that the cognovit provisions of the promissory note in question are invalid because the amount owed cannot be determined solely by referring to the note. Appellant relies in large part on *Gunton Corp. v. Banks*, 10th Dist. No. 01AP–988, 2002-Ohio-2873, 2002 WL 1221824, and *Simmons Capital Advisors, Ltd. v. Kendall Group, Ltd.*, 10th Dist. No. 05AP–1087, 2006-Ohio-2272, 2006 WL 1230673, in making his argument.

{¶ 6} In *Gunton*, the court held that a cognovit note was invalid because the statuses of the signors, and thus the terms of the note, were not sufficient to facially support the judgment. "If judgment is to be rendered upon a confession of judgment, the notes themselves must be sufficient to support the judgment. It was erroneous for the trial court to take into account anything other than the notes themselves and the confession of judgment, all of which was patently insufficient to support judgment upon confession." Id. at ¶ 31.

{¶ 7} In *Simmons Capital Advisors*, the appellants challenged the judgment amount on the cognovit note. In holding that the trial court had abused its discretion in denying the appellants' Civ.R. 60(B) motion, the court stated, "[W]e recognize that the note's provision for the parties' to raise and rebut evidence on the schedule of advances precluded the trial court from accepting the confession of judgment and ultimately entering a cognovit judgment when it did. This is so because the note, on its face, did not support the confession of judgment or the cognovit judgment, *and the trial court needed additional evidence to compute the judgment.*" (Emphasis added.) *Simmons Capital Advisors* at ¶ 21.

{¶ 8} Accordingly, in order to determine whether the note in the case sub judice is facially sufficient to support the cognovit judgment, we must examine the terms of the note itself.

{¶ 9} The original note states that appellant promises to pay "the principal sums advanced hereunder from time to time for the purpose of securing legal fees, not to exceed Fifty Thousand Dollars ($50,000.00), or such principal sum as may be adjusted downward from time to time by payments of principal by Payee or as may be adjusted upward from time to time by additional loans made by Payee to the Makers." The promissory-note-modification agreement, which

raised the note amount to $70,000, reads, "Debtors promise to pay to the order of Secured Party all amount(s) advanced by Secured Party to Debtors for the purpose of securing legal fees, *as evidenced by the books and records of the Secured party and Debtors*, plus interest, in an amount not to exceed seventy thousand and no/100 dollars ($70,000.00) (the 'Principal Balance'), payable pursuant to the terms of the note." (Emphasis added.)

{¶ 10} Appellee states that the terms of the note and modification agreement show that the principal amount due on the note is clear, and thus, the note is sufficient to support the cognovit judgment. We disagree and find that because the amount due on the note cannot be determined without reference to additional evidence, the cognovit note is invalid.

{¶ 11} Under the terms of the modification agreement, in order to determine the actual amount due on the note, one must refer to "the books and records of the Secured Party and the Debtors." Thus, the note contains ambiguities that require reference to additional documents in order to calculate the amount owed. A cognovit note must support the cognovit judgment on its face. Because the note in question fails to do so, it is facially insufficient to support a cognovit judgment.

{¶ 12} Further, the cognovit judgment is void and invalid even in the absence of grounds for relief under Civ.R. 60(B). Ordinarily, a party seeking relief from a cognovit judgment under Civ.R. 60(B) must establish (1) a meritorious defense and (2) that the motion was timely raised. See, e.g., *Lykins Oil Co. v. Pritchard*, 169 Ohio App.3d 194, 2006-Ohio-5262, 862 N.E.2d 192, at ¶ 11; *Gerold v. Bush*, 6th Dist. No. E–07–013, 2007-Ohio-5885, 2007 WL 3227388, at ¶ 16. However, when a cognovit note is facially insufficient to support a confession of judgment, the cognovit judgment is void. *Gunton*, 2002-Ohio-2873, at ¶ 33–34. "Where a cognovit judgment is not supported by the note relied upon, the judgment is void for lack of subject matter jurisdiction." *Classic Funding, L.L.C. v. Louis Burgos, L.L.C.*, 8th Dist. No. 80844, 2002-Ohio-6047, 2002 WL 31478977, at ¶ 9. "[A] judgment rendered by a court lacking subject matter jurisdiction is void ab initio. Consequently, the authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941. Accordingly, because the cognovit note is facially insufficient, the trial court lacked subject-matter jurisdiction and its judgment on the note is void ab initio.

{¶ 13} Although in concluding that the trial court lacked subject-matter jurisdiction we are bound by the Supreme Court's decision in *Patton*, we also note the possible application of the court's more recent decision in *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. In *Pratts*, the

Supreme Court clarified the distinction between subject-matter jurisdiction and a court's exercise of that jurisdiction. "There is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." Id. at ¶ 10.

{¶ 14} "Jurisdiction has been described as 'a word of many, too many, meanings.' *United States v. Vanness* (C.A.D.C.1996), 85 F.3d 661, 663, fn. 2. The term is used in various contexts and often is not properly clarified. This has resulted in misinterpretation and confusion. Subject-matter jurisdiction is a court's power over a type of case. It is determined as a matter of law and, once conferred, it remains." Id. at ¶ 33–34. " 'It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.' " Id. at ¶ 12, quoting *State v. Swiger* (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. Once a court has subject-matter jurisdiction " 'the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred.' " *Pratts* at ¶ 12, quoting *Sheldon's Lessee v. Newton* (1854), 3 Ohio St. 494, 499, 1854 WL 42.

{¶ 15} Subject-matter jurisdiction concerns the proper forum for a class of cases rather than the particular facts of an individual case. There is no dispute that, here, had the cognovit note had been valid, the trial court would have had subject-matter jurisdiction and could have rendered judgment in favor of appellee. Therefore, it seems incongruous that had it determined the cognovit note was invalid, the court would have lacked subject-matter jurisdiction to render judgment for appellant. Thus, in instances such as the case sub judice, a more proper analysis may be that the court exceeded its legal authority in the exercise of its discretion over the case, not that the court lacked the necessary subject-matter jurisdiction. Nevertheless, we are bound by the Supreme Court's decision in *Patton* and must conclude that the trial court's judgment is void for lack of subject-matter jurisdiction.

## IV.   Conclusion

{¶ 16} "Cognovit judgments must be strictly construed and applied." *Gunton*, 2002-Ohio-2873 at ¶ 29, citing *Lathrem v. Foreman* (1958), 168 Ohio St. 186, 5 O.O.2d 478, 151 N.E.2d 905; *Peoples Banking Co. v. Brumfield Hay & Grain Co.* (1961), 172 Ohio St. 545, 548, 18 O.O.2d 88, 179 N.E.2d 53. After reviewing the record below and strictly construing the cognovit judgment, we find that because the cognovit note is facially insufficient, the trial court lacked subject-matter jurisdiction and its judgment on the note is void ab initio. Accordingly, we sustain appellant's first assignment of error and reverse the

decision of the trial court. As the first assignment of error is dispositive, appellant's second and third assignments of error are rendered moot.

Judgment reversed.

KLINE, P.J., concurs in judgment only, with opinion.

ABELE, J., concurs in judgment only.

KLINE, Presiding Judge, concurring in judgment only.

{¶ 17} I concur in judgment only, because I respectfully disagree that the cognovit note is facially insufficient to support the cognovit judgment. Instead, I believe that the cognovit judgment is invalid because the appellee (hereinafter "Onda LaBuhn") did not submit its books and records along with the cognovit note.

{¶ 18} Numerous Ohio courts have upheld cognovit judgments for amounts that cannot be determined solely by referring to the notes in question. See, e.g., *Santora v. Kiss,* Cuyahoga App. No. 91303, 2008-Ohio-6287, 2008 WL 5096972 (affirming award of $117,084.54 plus interest; the balance due on $145,000 cognovit note); *Classic Bar & Billiards, Inc. v. Fouad Samaan,* Franklin App. No. 08AP–210, 2008-Ohio-5759, 2008 WL 4817453 (affirming award of $138,611.94; the alleged balance due on $150,000 cognovit note, plus interest, attorney fees, and costs); *World Tire Corp. v. Webb,* Knox App. No. 06CA10, 2007-Ohio-5135, 2007 WL 2812946 (affirming award of $44,259.54 plus interest on $60,150 cognovit note); *Bates v. Midland Title of Ashtabula Cty., Inc.,* Lake App. No. 2003–L–127, 2004-Ohio-6325, 2004 WL 2694923 (affirming award of $377,564.21 plus interest on $583,010.26 cognovit note); *Dovi Interests, Ltd. v. Somerset Point Ltd. Partnership,* Cuyahoga App. No. 82507, 2003-Ohio-3968, 2003 WL 21714977, at ¶ 2 (affirming award of $680,559.32, plus interest and costs on a cognovit note "permitting [debtor] to borrow up to $700,000, 'or such lesser amount as shall actually have been borrowed by [debtor] from [creditor] hereunder or pursuant to the lease, or both' "); *Second Natl. Bank of Warren v. Sorice,* Mahoning App. No. 01 CA 63, 2002-Ohio-3204, 2002 WL 1396815 (affirming award of $99,493.29 in debt, $1,843.38 in interest, and $50.41 in late charges on a $100,000 cognovit note).

{¶ 19} In each of these cases, courts had to consider the amounts repaid by the debtor—additional evidence—in order to calculate the various amounts owed.

{¶ 20} Here, the promissory-note-modification agreement states that the amount advanced to the Johnsons by Onda LaBuhn is "evidenced by the books and records of the Secured Party and Debtors." And "[i]f the note refers to other documents that are necessary in understanding the material terms of the note, the supporting documents must be submitted in order to obtain a valid cognovit judgment." *Richfield Purchasing, Inc. v. Highpoint Truck Terminals,*

*Inc.,* 8th Dist. No. 86056, 2005-Ohio-6348, 2005 WL 3219721, at ¶ 11. See also *Bank One, N.A. v. DeVillers,* Franklin App. No. 01AP–1258, 2002-Ohio-5079, 2002 WL 31123863, at ¶ 40.

{¶ 21} Onda LaBuhn did not submit its books and records along with the cognovit note. Instead, Onda LaBuhn alleged in its complaint that the Johnsons owed them $65,361.17. Additionally, Onda LaBuhn submitted multiple affidavits that purportedly state the amounts actually owed by the Johnsons. But an allegation in a complaint and multiple affidavits are not the "books and records" referred to in the note. Furthermore, Onda LaBuhn filed these affidavits *after* the cognovit judgment was entered against the Johnsons.

{¶ 22} In *DeVillers,* the court found a cognovit judgment void ab initio because the secured party failed to submit a necessary affidavit along with the cognovit note. The court held that "Bank One's failure to submit the affidavit of one of its officers prior to obtaining the cognovit judgment voids the judgment. Because the cognovit judgment here was void ab initio, Bank One's subsequent filing of the * * * affidavit was of no effect." Id. at ¶ 40.

{¶ 23} Therefore, I would find the cognovit judgment invalid, and therefore void, because (1) Onda LaBuhn did not submit its books and records along with the cognovit note and (2) Onda LaBuhn's books and records were necessary to determine the amount owed by the Johnsons.

{¶ 24} Accordingly, I concur in judgment only.