[Cite as *Merchants Bank & Trust Co. v. Five Star Fin. Corp.*, 195 Ohio App.3d 42, 2011-Ohio-2476.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MERCHANTS BANK & TRUST COMPANY, | : | APPEAL NO. C-100037 |
| | | TRIAL NO. A0800266 |
| | : | |
| Appellee, | | *D E C I S I O N.* |
| | : | |
| v. | | |
| | : | |
| FIVE STAR FINANCIAL CORPORATION et al., | : | |
| | | |
| Appellants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 25, 2011

Thompson Hine L.L.P., and Bryce A. Lenox, for appellee.

Eric C. Deters & Associates, P.S.C., and Charles T. Lester Jr., for appellants.

FISCHER, JUDGE.

{¶ 1} Five Star Financial Corporation and its president, Steven Winter, appeal a decision of the Hamilton County Court of Common Pleas that denied their motions to vacate a cognovit judgment entered in favor of Merchants Bank & Trust Company. For the following reasons, we affirm.

**Factual Background and Procedural Posture**

{¶ 2}    On October 25, 2004, Five Star and Merchants Bank entered into a credit and security agreement.  As part of that agreement, Five Star executed a promissory note in favor of Merchants Bank for a $2,000,000 line of credit.  Under the note, the unpaid principal balance and accrued interest owed by Five Star is determined by the "ledgers and records" of Merchants Bank.  In addition, Winter signed a guaranty agreement fully backing Five Star's obligations under the credit agreement and the note.  Both the note and the guaranty contain Ohio choice-of-law and warrant-of-attorney provisions.

{¶ 3}    On January 9, 2008, Merchants Bank filed suit against Five Star and Winter alleging default on the credit agreement, the note, and the guaranty.  Pursuant to the warrant-of-attorney provisions, attorney Brian Ewald appeared on behalf of Five Star and Winter and confessed judgment against them for $1,458,279.95, plus interest, costs, late charges, and attorney fees.  The trial court promptly entered a cognovit judgment with the same terms.

{¶ 4}    On May 19, 2008, Five Star and Winter moved to vacate that judgment. Over the next 18 months, Winter separately moved to vacate the judgment, and Five Star and Winter filed an "Amended Motion to Dismiss and Declare Merchants Judgment Void Ab Initio."  On December 21, 2009, the trial court denied these motions, and this appeal followed.

**The "Ledgers and Records" of Merchants Bank**

{¶ 5}    In their first assignment of error, Five Star and Winter argue that the cognovit judgment is invalid because the "ledgers and records" of Merchants Bank were not submitted before the judgment was entered.  We are not persuaded.

{¶ 6}    "The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly

2

even with the appearance, on the debtor's behalf, of an attorney designated by the holder."[1]  "[T]he purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of trial."[2]

{¶ 7}   In Ohio, R.C. 2323.12 and 2323.13 establish and govern the jurisdiction of the state's trial courts to enter cognovit judgments.[3]  The former allows for judgment by confession, and the latter provides for warrants of attorney, which may authorize an attorney to confess judgment against a defendant without prejudgment notice.  All of their requirements "must be met in order for a valid judgment to be granted upon a cognovit note or for a court to have subject-matter jurisdiction over the same."[4]  And because the statutes empower courts to enter judgments that they would otherwise be without authority to enter, warrants of attorney to confess judgment must be "strictly construed, and court proceedings based on such warrants must conform in every essential detail with the statutory law governing the subject."[5]

{¶ 8}   Five Star and Winter contend that the note is "facially insufficient" to support a cognovit judgment because it determines the amount owed by Five Star by referring to extrinsic documents.  Specifically, the note provides that the "unpaid principal balance of and interest accrued on this Note shall be determined by the ledgers and records of [Merchants Bank] as maintained in accordance with the respective ordinary practices to reflect Advances and payments."  Thus, at any given time, the amount due on the note is not evident on its face.

---

[1] *D. H. Overmyer Co. v. Frick Co.* (1972), 405 U.S. 174, 176, 92 S.Ct. 775.
[2] *Sky Bank v. Colley*, 10th Dist. No. 07AP-751, 2008-Ohio-1217, at ¶ 7.
[3] Id. at ¶ 9.
[4] Id.
[5] *Lathrem v. Foreman* (1958), 168 Ohio St. 186, 151 N.E.2d 905, paragraph one of the syllabus.

**{¶ 9}** To support their proposition, Five Star and Winter cite *Onda, LaBuhn, Rankin & Boggs Co., L.P.A. v. Johnson.*[6] In *Onda*, a debtor signed a cognovit note to secure his payment for legal services. The debtor promised to pay "all amount(s) advanced by [the law firm] to [the debtor] for the purpose of securing legal fees, as evidenced by the books and records of [the law firm] and [the debtor]."[7] The firm later obtained a cognovit judgment against the debtor, but the Fourth Appellate District reversed. The judge authoring the opinion wrote that because the note required extrinsic documents to calculate the amount owed, the note was "facially insufficient to support a cognovit judgment."[8] The judgment was held void and vacated.[9]

**{¶ 10}** In our analysis, we turn first to the Revised Code. Although we must strictly construe R.C. 2323.12 and 2323.13, we nevertheless have an "obligation to give effect to the intention of the General Assembly."[10] If statutory language "conveys a meaning that is clear and unequivocal, interpretation is at an end, and the statute must be applied accordingly."[11]

**{¶ 11}** Under R.C. 2323.13, "[a]n attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession." Neither statute, however, requires the instrument containing the warrant of attorney to demonstrate by itself the amount owed by the defendant. We therefore decline to adopt such a rule.

---

[6] *Onda, LaBuhn, Rankin & Boggs Co., L.P.A. v. Johnson*, 184 Ohio App.3d 296, 2009-Ohio-4726, 920 N.E.2d 1000.
[7] Id. at ¶ 9.
[8] Id. at ¶ 11, citing *Gunton Corp. v. Banks*, 10th Dist. No. 01AP-988, 2002-Ohio-2873 ("where the notes are facially insufficient to support the confession of judgment, without additional facts being adduced, the cognovit judgment is void").
[9] Only the authoring judge subscribed to the opinion. The remaining two judges concurred in judgment only.
[10] *Basic Distrib. Corp. v. Ohio Dept. of Taxation* (2002), 94 Ohio St.3d 287, 291, 762 N.E.2d 979.
[11] Id.

{¶ 12} Moreover, to hold otherwise would severely undermine the clear legislative intent to allow warrants of attorney in nonconsumer transactions. Such a holding would leave numerous proper lending arrangements unenforceable in cognovit actions, particularly when the amount owed may change from day to day, such as with open lines of credit and interest-bearing loans. Accordingly, we hold that the note was not facially insufficient to support a cognovit judgment merely because it determined the amount owed by Five Star by reference to extrinsic documents.

{¶ 13} Five Star and Winter alternatively argue that by its own terms, the note required the submission of the "ledgers and records" of Merchants Bank before the cognovit judgment was entered. We recognize that nothing in R.C. 2323.12 and 2323.13 prevents parties from creating contingent warrants of attorney that courts may enforce. For instance, in *Bank One, N.A. v. DeVillers*, the Tenth Appellate District held that where a warrant of attorney authorized the confession of judgment for an unpaid amount "as evidenced by an affidavit signed by an officer of [the] Lender setting forth the amount then due," the lender was required to submit that affidavit before judgment.[12]

{¶ 14} But those are not the facts in this record. Here, the note authorizes "any attorney at law to appear before any Court of Record, state or Federal, in the county or judicial district where this note was executed or where [Five Star] or [Merchants Bank] reside or may be found, after the unpaid principal balance of this note becomes due * * * and confess judgment against [Five Star] in favor of [Merchants Bank] or other holder of this Note for the amount then appearing due on this Note."

---

[12] *Bank One, N.A. v. DeVillers*, 10th Dist. No. 01AP-1258, 2002-Ohio-5079. See also *Onda, LaBuhn, Rankin & Boggs Co., L.P.A. v. Johnson*, 184 Ohio App.3d 296, 2009-Ohio-4726, 920 N.E.2d 1000, at ¶ 23 (Kline, P.J., concurring) (reasoning that the cognovit judgment was void because the lender had not submitted the books and records necessary to determine the amount owed).

**{¶ 15}** Similarly, the guaranty authorizes "any attorney-at-law to appear in any court of record in Hamilton County, Ohio * * * after the indebtedness evidenced hereby becomes due * * * and confess judgment against the undersigned in favor of [Merchants Bank] for the amount then appearing due."

**{¶ 16}** Even under a strict reading of these provisions, we see no requirement for the submission of the ledgers and records of Merchants Bank prior to the entry of judgment. Although the guaranty refers to "indebtedness evidenced," the confession of judgment was adequate to show the amount owed by Five Star and Winter.[13] We therefore overrule the first assignment of error.

### Personal Jurisdiction

**{¶ 17}** In their second assignment of error, Five Star and Winter contend that the trial court lacked personal jurisdiction to enter the cognovit judgment. We disagree.

**{¶ 18}** Five Star and Winter rely on Section 10.8 of the credit agreement, which provides that "[Five Star] agrees that any action or proceeding to enforce or arising out of this Credit Agreement or any of the other Loan Documents [including the Note and Guaranty] may be commenced in the Court of Common Pleas for Montgomery County, Ohio or in the District Court of the United States for the Southern District of Ohio, and [Five Star] waives personal service of process and agrees that a summons and complaint commencing an action or proceeding in any such court shall be properly served and shall confer personal jurisdiction over [Five Star] * * *."

**{¶ 19}** But in their initial motion to vacate the cognovit judgment, Five Star and Winter did not challenge the trial court's personal jurisdiction over them. Instead, they pointed to the same forum-selection clause and challenged the court's venue. Personal

---

[13] See *BJ Bldg. Co., L.L.C. v. LBJ Linden Co., L.L.C.*, 2d Dist. No. 21005, 2005-Ohio-6825, at ¶ 33 (holding that a cognovit note, in conjunction with a confession of judgment, was sufficient to inform the court of the amount of the defendant's indebtedness).

jurisdiction, which concerns the power of a court to exercise control over parties, is a distinct concept from venue, which primarily concerns the selection of a convenient forum among courts with jurisdiction.[14] Because Five Star and Winter failed to raise the issue at their first appearance in this case, they implicitly consented to the trial court's jurisdiction.[15]

{¶ 20} Moreover, in the note and guaranty, Five Star and Winter expressly waived the issuance and service of process and authorized any attorney to appear on their behalf to confess judgment against them. Winter's waiver applied to the courts of Hamilton County, and Five Star's extended to all Ohio courts. They, therefore, consented to the personal jurisdiction of the Hamilton County Court of Common Pleas to enter judgment against them without prior notice.[16]

{¶ 21} Five Star and Winter nevertheless contend that under Indiana law, these waivers were invalid and that because they never were served with process or entered an appearance, the trial court lacked personal jurisdiction over them. But we see no reason to apply Indiana law here. Although the state's laws had governed an earlier lending arrangement among the parties, the note and the guaranty expressly provide that Ohio law shall govern. The second assignment of error is therefore without merit.

---

[14] See *Fish v. Nottoli*, 7th Dist. No. 02-MO-4, 2003-Ohio-6275, at ¶ 38; *Lindahl v. Office of Personnel Management* (1985), 470 U.S. 768, 793, 105 S.Ct. 1620, fn. 30.

[15] See *McBride v. Coble Express* (1993), 92 Ohio App.3d 505, 510, 636 N.E.2d 356 ("[A]ny objection to assumption of personal jurisdiction is waived by a party's failure to assert a challenge at its first appearance in the case, and such defendant is considered to have consented to the court's jurisdiction").

[16] See *Collins v. Collins*, 165 Ohio App.3d 71, 2006-Ohio-181, 844 N.E.2d 910, at ¶ 6 ("For a court to acquire personal jurisdiction, there must be a proper service of summons or an entry of appearance, and a judgment entered without proper service or an entry of appearance is void").

### Civ.R. 60(B) Motion

**{¶ 22}** Finally, in their third assignment of error, Five Star and Winter argue that the trial court abused its discretion when it denied their motions to vacate the cognovit judgment under Civ.R. 60(B). Again, we are not persuaded.

**{¶ 23}** In reviewing a trial court's decision to grant or deny relief from judgment, we look only for an abuse of discretion.[17] We therefore will reverse only if the trial court's decision was unreasonable, arbitrary, or unconscionable.[18]

**{¶ 24}** "Generally, a party seeking relief under Civ.R. 60(B) must demonstrate that '(1) the party has a meritorious defense or claim to pursue if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time.' "[19] But when seeking relief from a cognovit judgment, the movant "need only establish that it has a meritorious defense and that the motion is timely raised."[20] Although cognovit notes cut off many defenses for the maker, a "meritorious defense 'goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note.' "[21] To allege a meritorious defense, the movant must provide "operative facts in support thereof,"[22] and these facts must be alleged "with enough specificity to allow the court to decide whether it has met that test."[23]

---

[17] *Steinriede v. Cincinnati*, 1st Dist. No. C-100289, 2011-Ohio-1480, at ¶ 5, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, at ¶ 7.
[18] Id., citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
[19] *Lykins Oil Co. v. Pritchard*, 169 Ohio App.3d 194, 2006-Ohio-5262, 862 N.E.2d 192, at ¶ 11, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150, 351 N.E.2d 113.
[20] Id.
[21] Id. at ¶ 14, quoting *First Natl. Bank of Pandora v. Freed,* 3d Dist. No. 5-03-36, 2004-Ohio-3554, 2004 WL 1489 074, ¶ 10.
[22] Id.
[23] *Elyria Twp. Bd. of Trustees v. Kerstetter* (1993), 91 Ohio App.3d 599, 601, 632 N.E.2d 1376.

**{¶ 25}** Five Star and Winter first claim that they owe less money than was confessed to the trial court. They allege that although the cognovit judgment was for $1,458,279.95, a statement prepared by Merchants Bank on January 14, 2008, shows a balance of $1,338,879. Five Star and Winter, however, do not contest that they in fact owe the amount confessed at the time of judgment. Nor do they contest Merchants Bank's contention that the bank liquidated certificates of deposit with a face value of $100,000 it held as collateral pursuant to the credit agreement as partial satisfaction of the judgment. In fact, Winter has even assumed this was the case.[24] We therefore cannot say that the trial court abused its discretion in denying relief on this basis.

**{¶ 26}** Next, Five Star and Winter allege that the credit agreement, the note, and the guaranty were unconscionable because the law firm that advised Winter to sign the documents failed to disclose that it was also representing Merchants Bank. They maintain that the firm failed to advise Winter of material differences between an earlier lending agreement among the parties that did not contain a cognovit provision and the note and the guaranty, which did. Allegedly relying on this advice, Winter signed the credit agreement and the note on behalf of Five Star, as well as the guaranty, without reading the documents.

**{¶ 27}** Before the trial court, however, Winter argued that he had relied on the representations of "Plaintiff and counsel for the Plaintiff" and that he and Five Star "were not permitted to retain separate counsel to review" the credit agreement.[25] This account is inconsistent with their assertion before this court that Five Star and Winter believed that the law firm represented them. Five Star and Winter did not satisfy Civ.R. 60(B) in this instance either.

---

[24] T.d. 34 at 8.
[25] Id. at 4, 5.

9

**{¶ 28}** Finally, Five Star and Winter contend that the warrant-of-attorney provisions were invalid because they were procured in violation of Indiana law. For the reasons set forth in our response to the second assignment of error, we reject this argument and overrule the third assignment of error. The trial court's judgment is accordingly affirmed.

Judgment affirmed.

DINKELACKER, P.J., and HILDEBRANDT, J., concur.